**UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
CENTRAL DIVISION**

| | |
|---|---|
| JOANN WILLIAMS-SHORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TEACHERS AND EMPLOYEES ASSOCIATION OF THE UNIVERSITY OF KANSAS, | ) ) ) Case No. 2:23-cv-2035 |
| | ) |
| and | ) |
| | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) |
| | ) |
| and | ) |
| | ) |
| ROBERT E. MILLER INSURANCE AGENCY, INC., | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

1. The Plaintiff, JoAnn Williams-Shorter, by and through the undersigned counsel, Talia Ravis, files this Complaint against Defendants Teachers and Employees Association of the University of Kansas ("The Life Plan"), Reliance Standard Life Insurance Company ("Reliance"), and Robert E. Miller Insurance Agency, Inc. ("Miller Agency").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, JoAnn Williams-Shorter brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3).

3.  The Plaintiff, JoAnn Williams-Shorter, has at all times material hereto, been a citizen of Lawrence, Kansas.

4.  Plaintiff is informed and believes that Defendant The Life Plan is an employee benefit issued by Teachers and Employees Association of the University of Kansas, which is a Kansas not-for-profit corporation doing business in Lawrence, Kansas.

5.  Plaintiff is informed and believes that Defendant Reliance is an Illinois corporation, doing business in Lawrence, Kansas.

6.  Plaintiff is informed and believes that Miller Insurance Agency is a Missouri Corporation doing business in Lawrence, Kansas.

7.  Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

8.  The Life Plan is an employee benefit plan that provides life insurance proceeds in the event of the Plan participant or dependent beneficiary's death.

9.  Reliance issued life insurance coverage to Defendant Teachers and Employees Association of the University of Kansas under one policy of insurance, policy number GL-144200, for the benefit of its employees.

10. The Miller Agency administers benefits for the University of Kansas

11. Plaintiff was a participant employee under the Plan's dependent life insurance benefit, which promised to pay Plaintiff $25,000 in the event of a dependent's death.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. Information About Ms. Williams-Shorter's Enrollment in the Plan.**

12. Plaintiff began working for the University of Kansas in 1989.

13. Plaintiff became insured for dependent life insurance benefits for her then-husband Larry Shorter under the Life Plan on November 1, 2006.

14. Plaintiff was the named beneficiary of Larry Shorter's dependent life insurance benefits.

15. At the time of enrollment, Plaintiff and Mr. Shorter were married.

16. Plaintiff began working for the University of Kansas (hereinafter "KU") in 1989.

17. Plaintiff retired from working at KU in October of 2007.

18. As Plaintiff's dependent, beginning in 2006, Mr. Shorter was insured for $25,000 in dependent life insurance benefits under the Life Plan. Plaintiff was the named beneficiary.

19. Plaintiff filed for divorce in May of 2016.

20. Shortly thereafter, Plaintiff reported her divorce to Defendant Miller Agency, inquiring as to whether the subject life insurance policy had a cash value.

21. In a letter dated September 6, 2016, Miller Agency responded to Plaintiff, outlining her and Mr. Shorter's life insurance benefits and stating, "Cash Value: This is a term life insurance plan which has no cash value only a death benefit.". The letter mentioned nothing about Mr. Shorter's ineligibility for coverage as a result of the divorce.

22. Plaintiff and Mr. Shorter divorced on January 5, 2017.

23. Even though Miller Agency knew that Plaintiff was divorced from Mr. Shorter, the Miller Agency continued to collect and send premiums to Reliance.

24. Following Miller Agency's instructions, Plaintiff continued to pay premiums for Mr. Shorter's dependent life insurance benefits under the Life Plan, pursuant to the mistaken belief that coverage remained in place.

25. Mr. Shorter died unexpectedly after suffering a stroke on November 7, 2020.

**B. Plaintiff's Claim for Benefits Following Mr. Shorter's Death.**

26. As beneficiary to Mr. Shorter's dependent life insurance, Plaintiff filed a claim for death benefits following Mr. Shorter's death, on or around November 20, 2020.

27. In a letter dated December 11, 2020, Defendant Reliance denied Plaintiff's claim, alleging that Plaintiff was not eligible for dependent life insurance benefits because she and Mr. Shorter were divorced at the time of his death.

28. Specifically, the letter alleged that because Mr. Shorter was not Plaintiff's legal spouse at the time of his death, he ceased to be an eligible dependent, and therefore, no dependent life insurance coverage was in effect on the date of his death.

29. The denial letter informed Plaintiff she had 60 days to appeal.

30. The denial letter neglected to mention that the 60-day appeal deadline was tolled under the Department of Labor's Covid Extension.

31. In February of 2021, in acknowledgment that it had erroneously collected and submitted Plaintiff's premium payments for almost than three years, Defendant Miller Agency attempted to reimburse Plaintiff's premiums from January 2017 through November of 2020.

32. Plaintiff's former attorney, Catherine Barker, appealed the denial to Reliance on Plaintiff's behalf in a letter dated August 30, 2021.

33. In the August 30th letter, Ms. Barker argued that RSL was obligated to pay the claim for the following reasons: 1) Plaintiff is the named beneficiary under the policy; 2) the policy's premiums were paid every month and have never lapsed; 3) the divorce pre-dated any kind of statutory revocation of the policy; 4) per the original policy, a covered dependent could be transferred to their own policy; and 5) because RSL accepted Plaintiff's premiums, they are obligated to pay the claim.

34. Along with the first appeal, Ms. Barker resubmitted the claim statement along with a copy of the original policy.

35. Reliance responded to the appeal in a letter dated September 10, 2021, stating "we are in receipt of your letter dated August 30, 2021. We have denied this claim. See the letter below." A copy of the original December 11, 2020 denial letter followed.

36. Plaintiff wrote another letter to Reliance dated November 5, 2021, reiterating that she had sent premiums to Reliance through the date of Mr. Shorter's death, and that Reliance had accepted those premiums.

37. Plaintiff filed a complaint with the Kansas Insurance Department on November 15, 2021.

38. In a January 7, 2022 claim note, Reliance Appeals Team Lead, Claim Governance, wrote to claims adjustor Gerald Morse, advising Mr. Morse to contact Plaintiff's attorney and "advise them that the claimant submitted a letter seemingly without their knowledge, and, if they wish to appeal, to formally submit a request to our office. Upon receipt of a formal request for an appeal, please forward this claim to the Appeals Unit again, and it shall be assigned to the appropriate Analyst."

39. That same day, Mr. Morse wrote a letter to Plaintiff's former attorney, stating, "in order for an appeal to be done for the denial of this claim, we need a formal letter from the beneficiary requesting an appeal of our claim denial. We have not received one at this time."

40. On April 11, 2022, the Kansas Insurance Department wrote to Reliance, seeking information relevant to the subject claim denial.

41. Reliance responded to the Department of Insurance in a letter dated April 24, 2022. In that letter, Reliance alleged to have conducted an additional review of the claim, but

arrived at their original conclusion that Plaintiff was not eligible for benefits because she and Mr. Shorter were not married at the time of Mr. Shorter's death.

42. The letter also erroneously alleged that Plaintiff had not filed an appeal: "On September 10, 2021, we received a letter from Ms. Williams demanding payment of the claim. However, this request was not deemed as an appeal. Should Ms. Williams have disagreed with the claims decision she was afforded the right to submit an appeal to our office within 60 (sixty) days of her receipt of the decision. Please be advised we have not received an appeal request and the timeframe for pursuing this right has expired."

43. This lawsuit ensued.

## FIRST CLAIM FOR RELIEF FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))
## (AGAINST DEFENDANTS RELIANCE AND THE PLAN ONLY)

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

45. The denial of Plaintiff's claim for dependent benefits was improper, in that Plaintiff Joann Shorter-Williams, at all relevant times, paid all necessary premiums, and satisfied the requirements to receive the disputed life insurance benefits.

46. Defendants Reliance and the Life Plan failed in its obligations to not accept premiums for insurance coverage for which Plaintiff was not eligible.

47. At all times, Plaintiff performed all obligations on her part to be performed pursuant to the terms of the Life Plan.

48. Reliance and the Life Plan failed in their obligations to take the necessary steps to not accept premiums for insurance coverage for which they claim Plaintiff was not eligible.

49. As a result of the conduct and failures of Reliance and the Plan, Plaintiff has been denied dependent life insurance proceeds, and has been damaged in the amount of the unpaid life insurance proceeds of at least $25,000, plus interest, the actual amount of which will be proven at trial.

50. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

51. As a further direct and proximate result of the conduct of Defendants Reliance and the Plan, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

52. Following the denial of benefits under the Plan, where Reliance failed to respond to Plaintiff's administrative appeals, Plaintiff's administrative remedies required under ERISA are deemed exhausted, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

## SECOND CLAIM FOR RELIEF UNDER ERISA
## (29 U.S.C. § 1132(a)) AGAINST ALL DEFENDANTS

53. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

54. Plaintiff is informed and believes that Defendants Miller Agency and Reliance mishandled the enrollment process by failing to notify Plaintiff of her rights and obligations under the Plan.

55. Plaintiff is informed and believes that Defendants mishandled the enrollment process by misrepresenting that Plaintiff's life insurance benefits under the Plan existed when they allegedly did not.

56. By offering or soliciting Plaintiff's continued enrollment in the Plan, acting consistent with enrollment having been accomplished, accepting premium payments for the coverage, and representing in writing that coverage remained in place when it allegedly did not,

Defendants are estopped from asserting that Plaintiff's coverage terminated prior to the date Mr. Shorter's death.

57. By failing to properly administer the Plan's enrollment process, accepting premium payments after the date that the policy terminated, and yet failing to advise Plaintiff that her dependent coverage terminated, Defendants breached the fiduciary duties they owed to Plaintiff and Mr. Shorter.

58. Defendant Reliance has been unjustly enriched by retention of all premiums and retention of the life insurance benefits properly owed to Plaintiff. Reliance has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of life insurance premiums for coverage paid by or on behalf of Mr. Shorter, while purportedly retaining the right to deny any claim for benefits under the said coverage.

59. Defendant Reliance has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Plaintiff.

60. The denial of Plaintiff's claim for life insurance benefits was improper, in that Plaintiff at all relevant times, believed she was beneficiary to Larry Shorter's dependent life insurance, based on Defendants' own misrepresentations.

61. At all times relevant, Plaintiff and Mr. Shorter performed all obligations on their part to be performed pursuant to the terms of the Plan.

62. As a result of Defendants' conduct and failures, Plaintiff has been denied the full value of the life insurance proceeds and has been damaged in the amount of at least $25,000, plus interest, the actual amount of which will be proven at trial.

63. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a).

64. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

65. Payment of life insurance benefits in the amount of $25,000, or such other amount as is shown at time of trial, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

66. Reformation of the Plan to the extent the Plan terms are unclear or to the extent the Plan must be modified in order to align with the representations of Defendants or expectations of Plaintiff, so as to allow Plaintiff to realize benefits, or their equitable equivalent under the Plan;

67. Separate and apart from the benefits under the Plan, Plaintiff seeks disgorgement of any profits Defendant Reliance may have realized by the wrongful retention of such benefits;

68. Enforcement of Plaintiff's rights under the terms of the Plan;

69. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

70. For payment of prejudgment and post-judgment interest as allowed for under ERISA;

71. For such other and further relief as this Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

72. Plaintiff requests a trial on all issues triable, and designates Kansas City, Kansas as its place of trial for this action.

Dated: January 27, 2023.

Respectfully Submitted,

/s/Talia Ravis
Talia Ravis
KS Bar #22212
Law Office of Talia Ravis, P.A.
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955
800-694-3016 (fax)
talia@erisakc.com
Attorney for Plaintiff